IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Dionicio Reyes-Perez,<br><br>    Defendant. | CR 09-50161-TUC-JMR(HCE)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is a Petition to Revoke Supervised Release (Doc. 5). Counsel for Defendant, Mr. Edward H. Laber, and counsel for the Government, Mr. Craig Timm, have filed a Stipulation To Submit To Court[,] Documents In Lieu Of Evidentiary Hearing (Supervised Release Case) (Doc. 13). Submitted for the Court's consideration are: (1) Exhibit 1: November 2, 2010 U.S. Probation Violation Report, Request for Warrant and Consolidation of Hearings Memorandum; (2) Exhibit 2: Arrest Warrant; (3) Exhibit 3: Petition to Revoke Supervised Release; (4) Exhibit 4: U.S. Probation Jurisdictional Transfer Papers; (5) Exhibit 5: U.S. Probation Request to Accept Transfer of Jurisdiction; (6) Exhibit 6: Transfer of Jurisdiction Order; (7) Exhibit 7: CR 09-01423-TUC-JMR(HCE) Indictment; (8) Exhibit 8: District of Nebraska Judgement in CR 98- 03074; (9) Exhibit 9: June 2, 1999 Pre-sentence Investigation Report and Addendum in CR 98-03074; (10) Exhibit 10: July 21, 2010 Amended Criminal Minutes in CR 09-01423-TUC-JMR(HCE)-Guilty Verdict.

1  Defendant has waived a revocation of supervised release hearing by filing his
2  Stipulation To Submit To Court[,] Documents In lieu of Evidentiary Hearing (Supervised
3  Release Case) (Doc. 13). Rule 32.1(b)(2), Fed.R.Crim.P. Defendant has consented to the
4  Magistrate Judge determining whether he has violated a condition of his supervised release.
5  (Doc. 18).

6  **I. FACTUAL BACKGROUND**

7  Defendant was convicted of Conspiracy to Possess with the Intent to Distribute
8  Methamphetamine, in violation of 21 U.S.C. §84(a)(1). (Exh. 3). Defendant was committed
9  to the Bureau of Prisons for 130 months on June 22, 1999, by the Honorable Richard G.
10 Kopf, presiding in the District of Nebraska. (*Id.*). A 60-month period of supervised
11 commenced on May 21, 2008. (*Id.*). Supervised release was scheduled to expire on May 20,
12 2013. (*Id.*; Exh. 8).

13 District Judge Kopf ordered Standard Condition 1, that Defendant "shall not commit
14 another federal, state, or local crime." (*Id.*). Defendant was deported on July 9, 2008, through
15 Laredo, Texas. (*Id.*). On June 20, 2009, Defendant illegally entered the United States at or
16 near Nogales, Arizona, without legal authorization. (*Id.*; Exh. 7).

17 On July 13, 2009, District Judge Kopf ordered that jurisdiction of Defendant be
18 transferred to the District of Arizona. (Exh. 6). On August 10, 2009, the District Court herein
19 approved the U.S. Probation Office recommendation to accept jurisdiction from the District
20 of Nebraska. (Exh. 5).

21 Defendant's trial in CR 09-01423-TUC-JMR commenced on July 20, 2010 and
22 concluded on July 21, 2010. (Docs. 105, 106). Defendant was found guilty of Illegal Re-
23 entry After Deportation. (Doc. 116).

24 **II. ANALYSIS**

25 Defendant's supervised release commenced on May 21, 2008 and was scheduled to
26 expire on May 20, 2013. Defendant's entry into the United States without legal authorization
27 on June 20, 2009 occurred during his supervised release period. Defendant was found guilty
28 beyond a reasonable doubt by a trial jury, of Illegal Re-entry After Deportation occurring on

June 20, 2009. *See* Rule 31, Fed.R.Crim.P. Revocation of supervised release only requires proof by a preponderance of the evidence. 18 U.S.C. §3583(e)(3). Herein, proof of Illegal Re-entry After Deportation occurring on June 20, 2009, by a unanimous jury verdict beyond a reasonable doubt is necessarily inclusive of the lesser proof standard of preponderance of the evidence that Defendant committed the federal offense of illegal re-entry after deportation occurring on June 20, 2009, alleged in the Petition to Revoke Supervised Release, during Defendant's supervised release.

### III. CONCLUSION

For the aforesaid reasons stated, the Magistrate Judge finds that Defendant has violated the conditions of his supervised release.

### IV. RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court find that Defendant has committed a federal offense, i.e., illegal re-entry after deportation, while on supervised release.

Pursuant to 28 U.S.C. §636(b) and Rule 59 of the Federal Rules of Criminal procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. If objections are filed, the parties should use the following case number: CR 09-50161-TUC-JMR[1].

Failure to file objections in accordance with Fed.R.Cr.P. 59 will result in waiver of the right to review.

DATED this 11th day of January, 2011.

_____
Héctor C. Estrada
United States Magistrate Judge

---

[1] The parties are on notice that this matter will be reassigned to another District Judge for resolution and an order.